No. 22-4017

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Michael Williamson,

Plaintiff-Appellant,

v.

Rachael Wheeler et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Ohio
Case No. 1:22-cv-01371 (Calabrese, J.)

## OPENING BRIEF FOR PLAINTIFF-APPELLANT
## MICHAEL WILLIAMSON

Oren Nimni
*Counsel of Record*
RIGHTS BEHIND BARS
416 Florida Ave. NW,
Suite 26152
Washington, D.C. 20001
(202) 540-0029

March 17, 2023

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

# Disclosure of Corporate Affiliations and Financial Interest

Sixth Circuit
Case Number: No. 22-4017          Case Name: Williamson v. Wheeler et al.

Name of counsel:  Oren Nimni

Pursuant to 6th Cir. R. 26.1, Michael Williamson
*Name of Party*

makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

No

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

No

### CERTIFICATE OF SERVICE

I certify that on _____ March 17, 2023 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

s/Oren Nimni

This statement is filed twice:  when the appeal is initially opened and later, in the principal briefs, immediately preceding the table of contents.  See 6th Cir. R. 26.1 on page 2 of this form.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................III

INTRODUCTION ..........................................................................1

REQUEST FOR ORAL ARGUMENT.................................................1

STATEMENT OF JURISDICTION ...................................................2

STATEMENT OF THE ISSUES .......................................................2

STATEMENT OF THE CASE ..........................................................3

    I.   Factual background .............................................................3

    II.  Procedural background .......................................................4

SUMMARY OF THE ARGUMENT ...................................................4

STANDARD OF REVIEW ..............................................................6

ARGUMENT ...............................................................................6

    I.   Defendants violated Title II of the ADA when they denied Mr. Williamson a reasonable accommodation for his disability. ...........6

        A.   Mr. Williamson has a disability because his injuries and pain substantially limit his ability to walk and stand. ......................8

        B.   Mr. Williamson was otherwise qualified to take part in the prison's services, programs, or activities. ............................8

        C.   Mr. Williamson alleged that Defendants' seizure of his rollator excluded him from meaningful access to prison services, programs, or activities "by reason of" his disability. ...................9

        D.   Mr. Williamson's claim is a claim for a reasonable accommodation, not a disagreement over medical treatment. ..................11

        E.   Mr. Williamson's requested accommodation was not unreasonable, and reasonableness is inappropriate to determine at this stage. .....................14

CONCLUSION ..........................................................................16

CERTIFICATE OF COMPLIANCE ................................................17

DESIGNATION OF RELEVANT DOCUMENTS ...............................18

CERTIFICATE OF SERVICE.........................................................19

# TABLE OF AUTHORITIES

## Cases

*Ability Ctr. of Greater Toledo v. City of Sandusky*, 385 F.3d 901 (6th Cir. 2004) ...7

*Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015)..............................11, 15

*Bostock v. Clayton Cnty.*, 140 S. Ct. 1731 (2020)....................................................14

*Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996).....................................................12

*Doe v. Salvation Army in U.S.*, 531 F.3d 355 (6th Cir. 2008).................................8

*Erickson v. Pardus*, 551 U.S. 89 (2007)...................................................................6

*Farmer v. Brennan*, 511 U.S. 825 (1994) ................................................................9

*Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409  (6th Cir. 2020)..................................6

*Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409  (6th Cir. 2020)................................11

*Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667 (7th Cir. 2012)...............................10

*Johnson v. City of Saline*, 151 F.3d 564 (6th Cir. 1998).........................................9

*Keller v. Chippewa Cnty., Mich. Bd. of Comm'rs*, 860 F. App'x 381 (6th Cir. 2021)
    ..............................................................................................................................7

*Larson v. Eppinger*, 2021 WL 2659998 (S.D.Ohio, 2021) ....................................14

*Lewis v. Casey*, 518 U.S. 343 (1996) .......................................................................9

*Magwood v. Patterson*, 561 U.S. 320 (2010)..........................................................14

*Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173 (6th Cir. 1996) ...........................16

*Morrissey v. Laurel Health Care Co.*, 946 F.3d 292  (6th Cir. 2019)......................8

*Munoz v. California Dep't of Corr. & Rehab.*, 842 F. App'x 59 (9th Cir. 2021) ...14

*Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206 (1998)...............................................7, 13

*United States v. Georgia*, 546 U.S. 151 (2006)....................................................9, 13

*Wisconsin Central Ltd. v. United States*, 138 S. Ct. 2067 (2018) ..........................14

*Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64 (2d Cir. 2016) .......................9, 10

## Statutes and Regulation

28 C.F.R. § 35.101(b)........................................................................................8

28 C.F.R. § 35.137 ........................................................................................15

28 C.F.R. 35.130(b)(7) ....................................................................................7

28 U.S.C §1915A ............................................................................................4

28 U.S.C. § 1291 ............................................................................................2

28 U.S.C. § 1331 ............................................................................................2

42 U.S.C. § 12101(b)(1) ..................................................................................6

42 U.S.C. § 12102(1)(A) ..................................................................................8

42 U.S.C. § 12102(4)(A) ..................................................................................8

42 U.S.C. § 12131(2)........................................................................................9

42 U.S.C. § 12132 ............................................................................................6

## INTRODUCTION

This matter presents a straightforward and well-pleaded ADA claim for failure to accommodate. The district court dismissed his claim on a pre-service screening order. That order should be reversed.

Mr. Williamson alleged that he became permanently disabled in 2012 and experiences extreme difficulty and pain ambulating. The one thing that helps him ambulate without pain is a rollator, which he consistently used from around 2014 when it was prescribed until Defendants' actions in May and June of 2022. In May and June of 2022, Defendant Wheeler confiscated Mr. Williamson's rollator in favor of a cane. Mr. Williamson alleges that a cane does not accommodate his needs and that he requested the accommodation of his rollator numerous times. He was denied and continues to be without his rollator despite informing Defendants of his need for the rollator and his inability to access services in the prison without extreme pain if he does not have the rollator.

Despite these allegations, the District Court dismissed all of Mr. Williamson's claims, including his ADA claim, on a §1915A pre-service screening order. But Mr. Williamson's complaint articulates a textbook ADA claim and the District Court's dismissal was in error.

## REQUEST FOR ORAL ARGUMENT

Plaintiff-Appellant Michael Williamson does not request oral argument. This case presents an appeal of a §1915A pre-service screening order where no counsel

has yet appeared for the Defendants. If this Court directs, Appellant's counsel would happily present oral argument before the Court.

## STATEMENT OF JURISDICTION

The district court had subject-matter jurisdiction under 28 U.S.C. § 1331. The district court's November 14, 2022, Decision and Order dismissing all claims. (RE 4) Plaintiff-Appellant Michael Williamson timely filed a notice of appeal on December 1, 2022. (RE 6). *See* Fed. R. App. P. 4(c). This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

**I.** Did the District Court err when it dismissed Mr. Williamson's claim under Title II of the ADA by holding that Mr. Williamson did not plead that he was "discriminated against by reason of his disability"?

**II.** Did the District Court err when it dismissed Mr. Williamson's claim for failing to allege facts that he "was unable to walk to or access the prison's programs or services"?

**III.** Did the District Court err when it dismissed Mr. Williamson's claim by holding that his claims for denial of a "rollator" to help him ambulate was a disagreement over medical treatment rather than a request for a disability accommodation?

2

# STATEMENT OF THE CASE

## I. Factual background

On February 29, 2012, Appellant Michael Williamson suffered a severe injury to his leg leaving him permanently disabled and unable to stand for more than five minutes without extreme pain. (RE 1 PageID 4). Approximately 2 years later, while incarcerated at Marion Correctional Institution, Mr. Williamson was prescribed a rollator (an ambulation assistance device with a built-in seat) and advised by his treating physician that he would need the rollator for the rest of his life. (RE 1 PageID 4). In September 2015, Mr. Williamson was transferred to Richland Correctional Institution, where he remains incarcerated today. (RE PageID 4). On May 12, 2022, Mr. Williamson went to a medical appointment with Defendant Wheeler. (RE 1 PageID 5). Defendant Wheeler performed a cursory visual examination of Mr. Williamson's leg and then informed him that, despite using the rollator for the past 7-8 years, that he no longer needed the rollator and that she would be taking it from him. (RE 1 PageID 6). Mr. Williamson informed Defendant Wheeler numerous times that he needed his rollator, asked her to not take it away, and informed her that without it he would not be able to access prison programs, services or activities because he could not walk long distances or stand for a long period of time without the rollator. (RE 1 PageID 6). Mr. Williamson informed Defendant Wheeler that

without the rollator he would not be able to access meals, the library, mail, medical, and other services. (RE 1 PageID 6). Defendant Wheeler gave Mr. Williamson a cane instead which Mr. Williamson took, but described as "useless" for his needs. (RE 1 PageID 6).

On May 23, 2022 Mr. Williamson was later provided an x-ray and had his rollator returned to him by a different medical staff person, Ms. O, at another appointment. (RE 1 PageID 7). However, on June 16, 2022, Defendant Wheeler again confiscated Mr. Williamson's rollator without further examination. (RE 1 PageID 8).

## II. Procedural background

Seeking remedy for the prior and ongoing deprivation of his rollator Mr. Williamson filed his complaint on August 4, 2022. (RE 1). His claim was dismissed on a 28 U.S.C §1915A pre-service screening order on November 14, 2022. (RE 4). He filed a timely notice of appeal on December 1, 2022. (RE 6).

### SUMMARY OF THE ARGUMENT

**I**. Title II of the ADA requires a public entity to provide reasonable accommodations to ensure that qualified individuals with disabilities can access the entity's services, programs, or activities. Defendants, despite having previously provided Mr. Williamson with a rollator to assist in his ambulation, removed his

access to the rollator and denied him the ability to use it. Mr. Williamson alleged that he needs the accommodation of a rollator to ambulate without pain and to access all of the programs, services and activities of the prison facility. The district court erred when it held that this did not constitute discrimination by reason of disability pursuant to Title II of the ADA. Mr. Williamson alleged a failure to reasonably accommodate his disability. A failure to reasonably accommodate constitutes discrimination by reason of disability and is one of two methods of pleading a valid ADA claim. Because Mr. Williamson alleged the elements of a failure to accommodate claim under the ADA, the district court should be reversed.

**II**. The District Court also erred when it held that Mr. Williamson had not alleged a valid ADA claim because he did not allege facts "permitting the plausible inference that he is unable to walk to or access the prison's programs and services with the assistance of a cane." The district court made three errors in this holding: 1) the district court applied the wrong standard: Mr. Williamson need only allege that he was not provided meaningful access, not that he was unable to access programs or services entirely; 2) Mr. Williamson did in fact allege that he had trouble accessing a whole host of prison services; and 3) to the extent the district court sought to weigh one accommodation (a cane) against another (a rollator), that is a question of the reasonableness of the requested accommodation inappropriate for resolution at the screening order stage. Reasonableness is a question of fact best determined by a factfinder. For these reasons the district court should be reversed, and the case remanded.

**III**. The district court erred in holding that Mr. Williamson's request for a rollator was merely a disagreement over medical treatment rather than a claim for failure to reasonably accommodate under the ADA.

## STANDARD OF REVIEW

This Court reviews a grant of summary judgment de novo, "viewing all the evidence in the light most favorable to the nonmoving party and drawing 'all justifiable inferences' in his favor." *Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 416 (6th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Pro se filings are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## ARGUMENT

**I. Defendants violated Title II of the ADA when they denied Mr. Williamson a reasonable accommodation for his disability.**

Congress passed the Americans with Disabilities Act "to provide a clear and comprehensive national mandate" establishing broad civil rights protections for individuals with disabilities in employment, public services, public accommodations, health services, and institutionalization. 42 U.S.C. § 12101(b)(1).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To satisfy this statutory

6

mandate, public entities must furnish reasonable accommodations to individuals with disabilities "so as not to deprive them of meaningful access to the benefits of the services such entities provide." *Ability Ctr. of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 907 (6th Cir. 2004); *see Wilson v. Gregory*, 3 F.4th 844, 859 (6th Cir. 2021). The requirement to reasonably accommodate individuals with disabilities "unambiguously extends to state prison inmates." *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998).

As relevant here, Mr. Williamson alleged that Defendants illegally discriminated against him in violation of Title II because he alleged that (1) he is disabled, (2) he is otherwise qualified to take part in the prison's "services, programs, or activities," (3) he was excluded from participation in those activities "by reason of" his disability and (4) Mr. Williamson alleged that Defendants denied him a "reasonable" accommodation: a rollator. 28 C.F.R. 35.130(b)(7) ("A public entity shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability. . . ."); *see Keller v. Chippewa Cnty., Mich. Bd. of Comm'rs*, 860 F. App'x 381, 385-86 (6th Cir. 2021) (noting that refusal to provide disability accommodation can constitute disability discrimination in violation of Title II). Mr. Williamson pleaded a paradigmatic Title II ADA claim when he pleaded that Defendants unlawfully denied him a rollator, and as such his complaint should proceed to service.

7

**A. Mr. Williamson has a disability because his injuries and pain substantially limit his ability to walk and stand.**

The ADA defines "disability" as a "physical . . . impairment that substantially limits one or more major life activities of [an] individual" including "walking, standing, [and] lifting." 42 U.S.C. § 12102(1)(A), (2)(A); *see Morrissey v. Laurel Health Care Co.*, 946 F.3d 292, 299 (6th Cir. 2019). This definition is to be "construed broadly in favor of expansive coverage to the maximum extent permitted by the terms of the ADA." 28 C.F.R. § 35.101(b); *see* 42 U.S.C. § 12102(4)(A). Mr. Williamson's permanent physical injuries affect him all the time (RE 1 PageID 4) and significantly limit his ability to walk and stand. (RE 1 PageID 4). He alleged that he was informed by Dr. Granson that he would need the rollator to assist with ambulation and to help alleviate the pain he experiences when standing or walking "for the rest of his life." (RE 1 PageID 4).

"Courts are required to make a case-by-case determination of whether an individual qualifies as 'disabled'" using the criteria set forth by Congress. *Doe v. Salvation Army in U.S.*, 531 F.3d 355, 358 (6th Cir. 2008) (analyzing the definition of disability later incorporated into the ADA's 2008 amendments). Because his injuries substantially limit his ability to walk and stand, Mr. Williamson has a disability under the ADA.

**B. Mr. Williamson was otherwise qualified to take part in the prison's services, programs, or activities.**

A prisoner with a disability is qualified to participate in prison programs, services, or activities if he, "with or without reasonable modifications to rules, policies, or practices . . . or the provision of auxiliary aids and services, meets the essential eligibility requirements for. . . participation" in those programs, services, or activities. 42 U.S.C. § 12131(2). "'Services, programs, or activities' encompasses virtually everything that a public entity does," *Johnson v. City of Saline*, 151 F.3d 564, 569 (6th Cir. 1998), including, in the prison context, a prisoner's daily recreational, medical, educational, and vocational activities, *United States v. Georgia*, 546 U.S. 151, 157 (2006) (citing *Yeskey*, 524 U.S. at 210).

As a prisoner who was not restricted from using prison programs, Mr. Williamson was "qualified" for them. *See Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016). Mr. Williamson specifically alleged that he needed the rollator to access "chow, commissary, legal mail pick-up, package pick-up, library/copies, med pick-up, fresh favorite pick-up, fundraiser pick-up." (RE 1 PageID 6). And—like all people incarcerated in prison—Mr. Williamson is qualified to receive access to all the listed services. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

### C. Mr. Williamson alleged that Defendants' seizure of his rollator excluded him from meaningful access to prison services, programs, or activities "by reason of" his disability.

An inmate with a disability is excluded from the prison's services, programs, or activities when, "as a practical matter," he is "denied 'meaningful access'" to

9

them. *Wright*, 831 F.3d at 72; *see Keller*, 860 F. App'x at 386. Denial of "meaningful access" includes restricting a prisoner's ability to otherwise "move freely throughout" a prison, "discourag[ing] participation in prison activities," causing a prisoner to "at times [be] unable to visit the law library," "missing meals," and "avoid[ing] recreational time in the prison yard." *Wright*, 831 F.3d at 73; *Keller*, 860 Fed. App'x. at 386 "[W]e have held that 'the phrase 'services, programs, or activities' encompasses virtually everything that a public entity does,'" including "meaningful access to medical care, bathroom facilities, or meals. . . .") (citing *Johnson v. City of Saline*, 151 F.3d 564, 569 (6th Cir. 1998)); *see also Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012) (noting that meals and showers are programs, services, or activities).

After Defendants took away his rollator, Mr. Williamson alleged that he struggled to participate in the daily life of the prison. These limitations followed directly from, or to use the statute's words, "by reason of," Mr. Williamson's disability. 42 U.S.C. § 12132.[1] To the extent that Mr. Williamson is able to access

---

[1] "Two types of claims are cognizable under Title II: claims for intentional discrimination *and claims for a reasonable accommodation.*" *Wilson*, 3 F.4th at 859 (quoting *Roell v. Hamilton Cnty.*, 870 F.3d 471, 488 (6th Cir. 2017)) (emphasis added). As this Court has explained, a public entity's refusal to provide a reasonable accommodation is itself disability discrimination, whether or not the entity harbors animus against the individual with disabilities. *See Keller*, 860 F. App'x at 385; *Anderson v. City of Blue Ash*, 798 F.3d 338, 353-56 (6th Cir. 2015); *cf. Fisher v. Nissan N. Am., Inc.*, 951 F.3d 409, 416 (6th Cir. 2020).

10

services in the prison despite significant pain and exertion, this does not shield Defendants from liability. *Keller*, 860 F. App'x at 387. The standard is *meaningful access* and requiring a prisoner to endure "an excessive or painful effort" to access prison services can be a denial of meaningful access. *Id.* As such Mr. Williamson need not allege that he is unable to walk or access the prison's programs with a cane, as the District Court required. (RE 4 PageID 91). Instead, he must allege that he requires the accommodation of a rollator to access programs or services without excessive or painful effort. He alleged just that in his complaint. (RE 1 PageID 6) (listing services that Mr. Williamson could not access with his disability and then noting that the provision of a cane was "useless").

### D. Mr. Williamson's claim is a claim for a reasonable accommodation, not a disagreement over medical treatment.

The district court erred in holding that Williamson's request for a rollator was not disability accommodations but rather "disagreement with medical treatment." (RE 4 PageID 90). In reaching this conclusion the District Court improperly relied on out of circuit precedent and misunderstood the core of Mr. Williamson's claim.

In determining that Mr. Williamson's claim for denial of his rollator should be dismissed, the district court relied on the Seventh Circuit's opinion in *Bryant v. Madigan*, 84 F.3d 246 (7th Cir. 1996) to draw a distinction between medical

11

treatment on one hand, and disability accommodations on the other. *Madigan* held that the "ADA does not create a remedy for medical malpractice"—and thus created an exception to the ADA. This exception was based not in the text of the statute, but rather in the court's conjecture that Congress would not want the ADA to apply to prison medical services. *See, e.g., id*. at 248–49 ("Could Congress really have intended . . ."; "it would be extremely odd to suppose that . . ."; "We would be exceedingly surprised to discover that Congress had made an end run around these decisions in the Americans with Disabilities Act."). Indeed, the bulk of *Madigan* is dedicated to justifying the holding that the ADA almost certainly does not apply to prisoners at all: although "[t]here is no express exclusion of jails and prisons," the court explained, "[j]udge made exceptions to laws of general applicability are justified to avoid absurdity." 84 F.3d at 248–49.

*Madigan* was wrong on this point. Two years later, Justice Scalia wrote for a unanimous Supreme Court that the plain language of the ADA determined that the statute applied in full to state prisons. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209 (1998). And the *Madigan* court was wrong about the exception it read into the ADA as well. Dictum in *United States v. Georgia*, another unanimous opinion by Justice Scalia, casts additional doubt on the viability of the holding of *Madigan*: "[I]t is quite plausible that the alleged deliberate refusal of prison officials to

accommodate a prisoner's disability-related needs in such fundamentals as mobility, hygiene, medical care, and virtually all other prison programs constituted exclusion from participation in or denial of the benefits of the prisons services, programs, or activities." 546 U.S. 151, 157 (2006) (emphasis added) (cleaned up). *Madigan's* atextual exception to the ADA for medical malpractice claims against public entities is not binding on this Court and should not be the basis for denying Mr. Williamson's well pleaded claim.[2]

Even if this Court agrees with the *Madigan* court that there is an exception to the ADA for medical treatment claims, that rule does not apply to Mr. Williamson's case. Deprivation of a rollator is not medical treatment, poor or otherwise. A rollator would not treat Mr. Williamson's medical issues. Simply because the "denial of a

---

[2] Although this Court need not limit *Madigan* to its facts to reverse the district court's error, it should not read it capaciously. The Supreme Court has made clear that the policy-based invention of statutory exceptions in the style of federal common law is no longer how courts are to interpret statutes. *See, e.g., Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1747 (2020) ("Nor is there any such thing as a 'canon of donut holes,' in which Congress's failure to speak directly to a specific case that falls within a more general statutory rule creates a tacit exception. Instead, when Congress chooses not to include any exceptions to a broad rule, courts apply the broad rule."); *Wisconsin Central Ltd. v. United States*, 138 S. Ct. 2067, 2073 (2018) ("It is not our function to rewrite a constitutionally valid statutory text under the banner of speculation about what Congress might have intended.") (internal quotation marks omitted); *Magwood v. Patterson*, 561 U.S. 320, 334 (2010) ("We cannot replace the actual text with speculation as to Congress' intent.").

disability accommodation" involves "medical judgment" does not make the decision an "unreviewable medical determination" under the ADA. *Larson v. Eppinger*, 2021 WL 2659998, at *8 (S.D. Ohio, 2021) (citing *Munoz v. California Dep't of Corr. & Rehab.*, 842 F. App'x 59, 62 (9th Cir. 2021)). "To accept Defendants' position that the involvement of a doctor removes all prison accommodations decisions from the ADA's reach would undermine the Supreme Court's recognition that Title II of the ADA applies to prisons." *Munoz*, 842 Fed. App'x at 62. Williamson has alleged that he is permanently disabled and was informed that he would need the rollator for the rest of his life. (RE 1 PageID 4). Rather, by the very terms of the ADA's implementing regulations, rollators and other mobility aids are quintessential disability accommodations. 28 C.F.R. § 35.137 ("A public entity shall permit individuals with mobility disabilities to use wheelchairs and manually-powered mobility aids, such as walkers, crutches, canes, braces, or other similar devices designed for use by individuals with mobility disabilities, in any areas open to pedestrian use."). And this makes sense because the rollator would accommodate his limitations, thereby allowing him to access the programs, services, or activities of the prison by allowing him to move and stand without excessive pain.

### E. Mr. Williamson's requested accommodation was not unreasonable, and reasonableness is inappropriate to determine at this stage.

Title II requires public entities to reasonably accommodate individuals with disabilities to guarantee meaningful access to services, programs, and activities. *Ability Ctr. of Greater Toledo*, 385 F.3d at 909-10. Determining whether an accommodation is reasonable requires a case-by-case, fact-specific inquiry. *Anderson*, 798 F.3d at 356. A plaintiff need only propose an objectively reasonable accommodation by showing that it is both effective and proportional to its costs. *See Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1183 (6th Cir. 1996), *abrogated in part on other grounds by Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 314-17 (6th Cir. 2012).

Mr. Williamson's request for his rollator was an objectively reasonable accommodation because it posed no additional financial burden on the Department (they had provided him with a rollator previously) and because he alleged specific facts that other, lesser, accommodations, like a cane, would not suffice. (RE 1 PageID 6). Once Mr. Williamson has proposed a reasonable accommodation, the Defendants would bear the burden of persuasion that the proposed accommodation imposes an undue hardship. *See Monette*, 90 F.3d at 1183-84. Of course, here, on a pre-service screening dismissal, Defendants have not been provided the opportunity to rebut Mr. Williamsons pleadings, and, on the face of his complaint it would appear difficult for them to assert that his requested accommodation imposes an undue hardship as it was an accommodation that Mr. Williamson had previously used without incident. (RE 1 PageID 4-5). Regardless, this is not the appropriate stage to

determine reasonableness and this Court should remand to the district court to evaluate reasonableness in the first instance, after service and discovery.

## CONCLUSION

This Court should reverse the district court's judgment and remand for service and further proceedings.

Respectfully submitted,

/s/Oren Nimni

Oren Nimni

RIGHTS BEHIND BARS

416 Florida Ave. NW #26152

Washington, D.C. 20001

(202) 540-0029

ore@rightsbehindbars.org

16

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 3,998 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typestyle requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Office Word for Office 365 in Times New Roman 14-point font.

/s/Oren Nimni
Oren Nimni
RIGHTS BEHIND BARS
416 Florida Ave. NW #26152
Washington, D.C. 20001
(202) 540-0029
oren@rightsbehindbars.org

17

## DESIGNATION OF RELEVANT DOCUMENTS

Under Sixth Circuit Rules 28(b) and 30(g), Appellants designate the following filings in the record as entries that are relevant to this appeal:

| Description of entry | Docket No. | PageID# |
|---|---|---|
| Complaint and Exhibits | RE 1 | 1-66 |
| Opinion and Order | RE 4 | 84-91 |
| Judgement Entry | RE 5 | 92 |
| Notice of Appeal | RE 6 | 93 |

## CERTIFICATE OF SERVICE

I certify that on March 17, 2023, I filed this brief with the Clerk of the Court electronically via the CM/ECF system. There are no other participants in this case.

March 17, 2023                                  /s/Oren Nimni

                                               Oren Nimni