NOT RECOMMENDED FOR PUBLICATION

No. 22-4017

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Aug 9, 2023
DEBORAH S. HUNT, Clerk
```

MICHAEL WILLIAMSON,

    Plaintiff-Appellant,

v.

RACHAEL WHEELER; ANNETTE CHAMBERS-SMITH,

    Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

O R D E R

Before: READLER, MURPHY, and DAVIS, Circuit Judges.

Michael Williamson, proceeding through counsel, appeals the district court's dismissal of his civil rights complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. He does not request oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a). Because Williamson's complaint stated a valid claim under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., we vacate the district court's judgment in part and remand the matter for further proceedings on that claim.

Williamson, a prisoner at the Richland Correctional Institution, sued Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation and Correction ("ODRC"), and Rachael Wheeler, a nurse at Richland. Williamson's pro se complaint alleged that, in February 2012, he suffered an injury to his left leg that required the insertion of a metal plate, screws, and rods, and left him "permanently disabled and unable to stand for any more than five minutes without extreme pain." As a result of the injury, he had to use a wheelchair for two years. During his confinement at the Marion Correctional Institution, Williamson was prescribed "an orthopedic mobility device,

called a 'rollator' . . . to assist him in his mobility and to provide a seat when needed to [alleviate] any pain . . . while standing or walking." The prescribing physician advised him that he "would need the assistance of the rollator to help [alleviate] the pain when standing or walking for the rest of his life."

After his transfer to Richland, Williamson went to the infirmary to request a replacement rollator. A staff member offered Williamson a replacement that was too small and told him that a larger replacement would need to be ordered. Two weeks later, Williamson saw Wheeler for his scheduled chronic care appointment. Wheeler asked Williamson why he had a rollator, accused him of not using it correctly, and told him that she was taking it away because he was "healed." Williamson explained to Wheeler that he was unable to walk long distances or stand in long lines—such as those for meals, the commissary, and mail services—without pain, but Wheeler would not allow him a rollator and instead offered only a cane.

Williamson sent a kite to the prison medical department and was told that "rollators are bad for back and hips" and that he could obtain a second opinion. Shortly thereafter, Williamson was called to the infirmary for x-rays of his back and hips. One week later, he was called to the infirmary for x-rays of his leg. Before that x-ray, Williamson met with another licensed practical nurse, "Ms. O.," who examined his leg and, after his leg was x-rayed, gave him back his rollator on the condition that he lose weight. But "sometime between May 23, 2022, and June 16, 2022, when [he] was to receive his 'second opinion,' presumably from Ms. O, Ms. O. either quit or was fired from Richland."

On June 16, 2022, Williamson reported to the infirmary for a second opinion and saw Wheeler. Wheeler told Williamson that Ms. O. should not have given him back the rollator. She took the rollator back and again offered Williamson a cane. Williamson sent another kite to the medical department complaining about his rollator being taken away and was told that the rollator was taken because his leg x-rays revealed that the hardware in his leg was "secure" and "in place."

Based on these allegations, Williamson asserted that Wheeler acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment and that her conduct violated his rights under the ADA. He sought damages and injunctive relief.

The district court screened Williamson's complaint and dismissed it for failure to state a claim, pursuant to §§ 1915(e)(2) and 1915A. The court explained that, with respect to his claim of deliberate indifference under 42 U.S.C. § 1983, Williamson failed to allege facts from which one could reasonably infer that either defendant "drew an inference that his failure to use a rollator created a substantial risk of harm to him yet intentionally disregarded such a risk." The court further noted that, under § 1983, Chambers-Smith could not be held liable under a respondeat superior theory. With respect to Williamson's ADA claim, the court concluded that the complaint failed to allege sufficient facts to support an inference that "he was deprived of, or precluded from participating in, any prison program or service 'on the basis of' a disability."

On appeal, Williamson challenges only the district court's ruling with respect to his ADA claim. Because he does not challenge the dismissal of his deliberate-indifference claim, he has forfeited review of that aspect of the district court's ruling. *See Scott v. First S. Nat'l Bank*, 936 F.3d 509, 522 (6th Cir. 2019).

We review de novo a district court's dismissal of a suit under §§ 1915(e)(2) and 1915A. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Under the Prison Litigation Reform Act, district courts must screen and dismiss any complaint filed by a prisoner against a governmental entity or an officer or employee of a governmental entity if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) and (b); *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008). "[T]o survive scrutiny under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Hill*, 630 F.3d at 471 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

ADA protections apply to state prisoners. *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998). "Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'"

*S.S. v. E. Ky. Univ.*, 532 F.3d 445, 452 (6th Cir. 2008) (quoting 42 U.S.C. § 12132). "Two types of claims are cognizable under [ADA] Title II: claims for intentional discrimination and claims for a reasonable accommodation." *Roell v. Hamilton County*, 870 F.3d 471, 488 (6th Cir. 2017) (citing *Ability Ctr. of Greater Toledo v. City of Sandusky*, 385 F.3d 901, 907 (6th Cir. 2004)).

Williamson argues that the district court "misunderstood the core" of his ADA claim and contends that his complaint stated a claim that the defendants failed to provide a reasonable accommodation under the ADA. In concluding that Williamson failed to state a claim under the ADA, the district court reasoned that Williamson's "disagreement with the medical treatment he has been provided does not provide a basis for relief under the ADA." But, as Williamson points out, he did not allege a mere disagreement with the treatment offered by the defendants. Fairly read, his complaint alleged that he was excluded from participation in the services, programs, and activities at Richland due to the defendants' failure to provide him with a rollator. The district court, however, did not consider whether Williamson's complaint stated a failure-to-accommodate claim.

Title II's implementing regulations require a public entity to "make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity." 28 C.F.R. § 35.130(b)(7)(i). The "determination of what constitutes [a] reasonable modification is highly fact-specific, requiring [a] case-by-case inquiry." *Roell*, 870 F.3d at 489 (quoting *Anderson v. City of Blue Ash*, 798 F.3d 338, 356 (6th Cir. 2015)). And "overriding public safety concerns can render the proposed accommodations unreasonable." *Wilson v. Gregory*, 3 F.4th 844, 859-60 (6th Cir. 2021) (quotation marks and citation omitted).

Williamson alleged that, since suffering an injury to his left leg, he has been "permanently disabled and unable to stand for any more than five minutes without extreme pain." He further alleged that the defendants denied him access to a rollator, which had been previously provided to him by another ODRC physician to assist him with ambulation and to alleviate pain. Williamson stated that, by taking his rollator, the defendants have "erected barriers to access . . . all institutional

services," including "chow, commissary, legal mail pick-up, package pick-up, library/copies, med[ ]pick-up, fresh favorite pick-up, [and] fundraiser pick-up." These allegations sufficiently plead that Williamson was denied participation in services, programs, or activities. *See Keller v. Chippewa Cnty., Mich. Bd. of Comm'rs*, 860 F. App'x 381, 386 (6th Cir. 2021) (noting that "the phrase 'services, programs, or activities' encompasses virtually everything that a public entity does" and that this could include "medical care, bathroom facilities, [and] meals" at a county jail (cleaned up) (quoting 42 U.S.C. § 12132)).

The district court found that Williamson failed to allege "facts permitting a plausible inference that he is unable to walk to or access the prison's programs and services with the assistance of a cane." But Williamson did not need to. We have held that "Title II prohibits public entities from denying . . . qualified disabled individuals *meaningful access* to the services or benefits they provide." *Ability Ctr. of Greater Toledo*, 385 F.3d at 909 (emphasis added). Williamson's complaint fairly alleged that, without a rollator, he is unable to access the prison's programs and services without extreme pain, which is sufficient. *See Keller*, 860 F. App'x at 387 ("[A] plaintiff who succeeds in using a prison [service] only through an excessive or painful effort may have a valid ADA claim."). And to the extent the district court required Williamson to allege that he was unable to access the prison's programs and services *with a cane*, this goes to the reasonableness of the requested accommodation, which is a fact-specific inquiry. *See Wilson*, 3 F.4th at 859. Accepting Williamson's allegations as true, his complaint stated a plausible claim for failure to accommodate under Title II of the ADA.

For these reasons, we **VACATE** the district court's judgment in part and **REMAND** the matter for further proceedings on Williamson's ADA claim. We **AFFIRM** the judgment in all other respects.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk